## Commonwealth v. Cherry's Estate

*Leo C. Mullen*, for Commonwealth.
*Hare & Hare*, for defendant.

PATTERSON, P. J., July 10, 1943.—This matter comes before the court in the nature of a case stated, upon the following stipulation of facts:

Elmer Ellsworth Cherry, late of the Township of Logan, County of Blair, died testate on March 5, 1922, and by his last will and testament duly probated and registered in the office of the register of wills on March 14, 1922, he devised certain real estate to his widow, Mary A. Cherry, for life, with remainder to certain named legatees. Mary A. Cherry died January 23, 1937. The will of the decedent, Elmer Ellsworth Cherry, was submitted to the Orphans' Court of Blair County for construction, in a declaratory judgment proceeding filed to no. 76 of 1938, which was heard by Hon. Chester D. Fetterhoof, of the twentieth judicial district of Pennsylvania, specially presiding. After hearing, the court, on April 22, 1938, entered a definitive decree adjudging that the decedent, Elmer Ellsworth Cherry, by his last will and testament devised his homestead located in Lakemont Terrace, Logan Township, Blair County, Pennsylvania, known as lots numbered 8, 9, and 10 in block 1 of Southwest Lakemont Terrace, unto his wife, Mary A. Cherry, during

her natural life, and she being now deceased the same is owned, in fee, by James Cherry, James B. Eckels, and Mrs. Maggie Matere, now Mrs. Margaret Fray.

By deed dated July 18, 1938, for valuable consideration, the said remaindermen conveyed the land described, in fee, to Ralph A. Black and Sara M. Black, which deed was duly recorded in the Office for the Recording of Deeds in and for the County of Blair. The purchasers immediately went into possession of the real estate and have continued therein since the date of said conveyance.

The life estate of Mary A. Cherry, life tenant under the said will, expired on the date of her death, to wit, January 23, 1937. The transfer inheritance tax on the estates in remainder has not been paid. The Commonwealth of Pennsylvania did not sue for the transfer inheritance tax on said estates in remainder or file any lien therefor until January 19, 1943, at which time the Commonwealth caused to be filed in the Court of Common Pleas of Blair County, to January term, 1943, no. 45, its certificate of nonpayment of inheritance tax in the sum of $180, together with interest thereon. The certificate was not filed within five years after the expiration of the life estate of Mary A. Cherry nor before the estates in remainder in said above-described land came into the actual possession of the tenants in remainder, James Cherry, James B. Eckels, and Mrs. Maggie Matere, now Mrs. Margaret Fray.

The Commonwealth now claims the tax under the provisions of the Act of June 20, 1919, P. L. 521, as amended by the Act of May 16, 1929, P. L. 1795, as well as the Act of June 21, 1939, P. L. 619, and the several acts and amendments relevant thereto. The defendants contest the collection of the tax on the ground that the Commonwealth failed to comply with the statute relative to the collection of inheritance tax, requiring it to sue for the tax "within five years" after it is due, it being agreed that the tax became due at the

death of the life tenant, Mary A. Cherry, on January 23, 1937, whereas the Commonwealth did not take any action, either by suit or filing a certificate of nonpayment, until January 19, 1943, a period of practically six years from the date it became due. Taxes may be assessed by the Commonwealth or any other taxing power only by virtue of a constitutional provision or statutory enactment. Article IV, section 39, of the Inheritance Tax Law of June 20, 1919, P. L. 521, as amended from time to time, provides: "All such taxes [inheritance tax] shall be sued for within five years after they are due; otherwise, they shall be presumed to have been paid and cease to be a lien as against any purchasers of real estate . . ." The tax in question was not sued for "within five years" after it was due, to wit, January 23, 1937; therefore, the tax against the property was presumed to have been paid and ceases to be a lien against any purchaser thereof. Tax laws are to be construed most strictly against the Commonwealth, and they can be collected only by literally following the act.

"All taxation is statutory . . . Liability to pay taxes arises from no contractual relation between the taxable and the taxing power, and cannot be enforced by common-law proceedings unless a statute so provides. They can be collected in no other way than that pointed out by the statute . . .": Schmuck v. Hartman, 222 Pa. 190, 195; The Citizens National Bank v. Nease et al., 35 D. & C. 563, 565.

"Tax laws are to be construed most strictly against the government and most favorably to the taxpayer, and a citizen cannot be subjected to a special burden without a clear warrant of law": Arbuckle's Estate, 324 Pa. 501, 505; Husband's Estate, 316 Pa. 361.

There is no provision in the law providing for the continuance of a lien by filing a suit or claim after the period of five years from the date it was due. Therefore, the Commonwealth's claim must fail.

### Decree

Now, July 10, 1943, the court is of the opinon that the transfer inheritance tax on the estates in remainder ceased to be a lien on the real estate described as lots nos. 8, 9, and 10 in block 1 of Southwest Lakemont Terrace, which had been conveyed to Ralph A. Black and Sara M. Black, his wife, and that a judgment be entered and endorsed on the record of said lien that the transfer inheritance tax, claimed by the Commonwealth in the certificate by it filed, has ceased to be a lien upon the said real estate as against the purchasers thereof, which judgment shall be certified by the clerk of the orphans' court to the register of wills, who shall make an appropriate notation thereof upon his records.